# EXHIBIT C

20STCV14349
Electronically FILED by Superior Court of California, County of Los Angeles on 04/14/2020 11:05 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Los Angeles World Airports, City of Los Angeles, Los Angeles International Airport, Delta Air Lines, Inc., Grupo Aeromexico, and Does 1 to 50 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Zaira S. Llancan Azocar

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: **CASE NUMBER:** *(Número del Caso):*
*(El nombre y dirección de la corte es):*
The Superior Court of California, County of Los Angeles, Central District
111 North Hill Street, Los Angeles, CA 90012

**20STCV14349**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nelly Triphon (SBN 179335), Triphon Injury Law, APC, 20121 Ventura Blvd., Suite 204, Woodland Hills, CA 91364 (818) 715-1000

DATE: 04/14/2020    Sherri R. Carter Executive Officer / Clerk of Court, by M. Barel, Deputy
*(Fecha)*    Clerk, *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DELTA AIR LINES, INC.
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Sam Helmi, Esq. SBN: 239972
Gennady L. Lebedev, Esq. SBN: 179945
LEBEDEV, MICHAEL & HELMI, APLC
10999 Riverside Dr., Suite 201
Studio City, CA 91602
Telephone:  (818) 757-7677
Facsimile:  (818) 757-7047
E-mail: Sam@LMHLawyers.com
E-mail: Gennady@LMHLawyers.com

Attorneys for Plaintiff: ZAIRA S. LLANCAN AZOCAR

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

| | |
|---|---|
| ZAIRA S. LLANCAN AZOCAR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DELTA AIR LINES, INC.; GRUPO AEROMEXICO; AEROVIAS DE MEXICO, S.A. DE C.V. dba Aeromexico dba Aeromexico Airlines and and Does 1 through 50, Inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 20STCV14349<br><br>[Assigned for all purposes to Hon. Stephen I. Goorvitch, Dept. 32]<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br><br>1.　**Negligence;**<br><br>2.　**Violation of the Unruh Civil Rights Act**<br><br>3.　**Violation of the California Disabled Persons Act**<br><br>4.　**Negligent Hiring, Supervision or Retention of Employee**<br><br>**DEMAND FOR JURY TRIAL** |

　　Plaintiff, ZAIRA S. LLANCAN AZOCAR, hereby alleges:

**PARTIES**

　　1.　Plaintiff, ZAIRA S. LLANCAN AZOCAR (herein referred to as Plaintiff), is now and was at all times mentioned, an individual, residing in Los Angeles, County, State of California.

2. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action LOS ANGELES INTERNATIONAL AIRPORT ("LAX"), was a public entity owned and operated by the City of Los Angeles, a public entity.

3. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendant, DELTA AIR LINES, INC. ("DELTA"), was a Delaware corporation doing business in Los Angeles, California.

4. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendant, GRUPO AEROMEXICO ("GRUPO AEROMEXICO"), was a foreign, for profit corporation doing business in Los Angeles, California.

5. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendant, AEROVIAS DE MEXICO, S.A. DE C.V. ("AEROMEXICO"), was a foreign, for profit corporation doing business in Los Angeles, California, under the names Aeromexico and/or Aeromexico Airlines ("AEROVIAS").

6. Plaintiffs are not aware of the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff shall amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when ascertained.

7. Plaintiff is informed and believes and based thereon allege that at all times mentioned herein, each of the Defendants was the agent, affiliate, partner, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, partnership, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each and all of the acts of conduct alleged herein.

8. Plaintiff is informed and believes and based thereon alleges that each of the Defendants, fictitious and real, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

9. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant, DELTA, was authorized to do business in California and conducted

substantial business in and out of the Los Angeles International Airport.

10. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendant, DELTA, was an air carrier holding a certificate of public convenience and necessity issued by the Secretary of Transportation under 49 USC §41102.

11. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendant, DELTA, was and is a common carrier for hire engaged in the transportation of passengers in both domestic and international air travel.

12. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendant, DELTA, owned, operated, controlled, serviced, maintained and flew, through its operators, partners, agents, subcontractors and employees acting in the course and scope of their employment and/or agency, on March 15, 2019 at the Los Angeles International Airport.

13. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant, GRUPO AEROMEXICO, was authorized to do business in California and conducted substantial business in and out of the Los Angeles International Airport.

14. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant, AEROVIAS, was authorized to do business in California and conducted substantial business in and out of the Los Angeles International Airport.

15. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendants, GRUPO AEROMEXICO and AEROVIAS, were air carriers holding a certificate of public convenience and necessity issued by the Secretary of Transportation under 49 USC §41102.

16. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendants, GRUPO AEROMEXICO and AEROVIAS, were and are common carriers for hire engaged in the transportation of passengers in both domestic and international air travel.

17. Plaintiff is informed and believes and based thereon alleges that at all times that are relevant to this action, Defendants, GRUPO AEROMEXICO and AEROVIAS, owned,

operated, controlled, serviced, maintained and flew, through its operators, partners, agents, subcontractors and employees acting in the course and scope of their employment and/or agency, on March 15, 2019 at the Los Angeles International Airport.

18. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant, GRUPO AEROMEXICO and AEROVIAS, were affiliates, partners, alter-egos, principal and/or agent of each other and were at all times acting within the scope of such agency, affiliation, partnership, and/or alter-ego relationship and have actively participated in or subsequently ratified and/or adopted, each and all of the acts of conduct alleged herein.

## GENERAL ALLEGATIONS

19. At all times relevant hereto, Plaintiff was 78 years old and disabled due to various ailments, including blindness.

20. Plaintiff had purchased round trip plane tickets on AEROMEXICO, leaving Los Angeles Airport ("LAX") on February 25, 2019 to Santiago Airport ("SCL") in Chile, and returning on March 15, 2019 from SCL to LAX at 10:25 a.m..

21. Plaintiff had also purchased a plane ticket on DELTA, leaving LAX on March 15, 2019 at 1:30 p.m. and arriving in Salt Lake City, Utah ("SLC") at 4:22 p.m.

22. Wheelchair assistance was requested for Plaintiff when purchasing such tickets and also at each of the respective airports, including upon her arrival at LAX on March 15, 2019, to get from one gate/terminal to another gate/terminal.

23. Plaintiff received wheelchair assistance throughout her trip, as requested, except as follows.

24. On March 15, 2019, Plaintiff arrived at LAX, at the GRUPO AEROMEXICO and/or AEROVIAS terminal on a plane operated by GRUPO AEROMEXICO and/or AEROVIAS.

25. Plaintiff is informed and believes and based thereon alleges that, upon her arrival at LAX on March 15, 2019, she was met by Defendant, DOE 1, who was an agent and/or employee of GRUPO AEROMEXICO and/or AEROVIAS and/or DELTA.

26. Defendant, DOE 1 wheeled Plaintiff to DELTA Terminal 2, at Gate 24A, where she was scheduled to take her DELTA flight from LAX to SLC, and left her there without any further assistance.

27. Plaintiff waited at that DELTA terminal and gate unattended for over an hour, until she learned that the departure gate for her flight had been changed to Terminal 3, Gate 33A. However, no one came back with transportation to take her to the new terminal and gate.

28. Plaintiff is informed and believes and based thereon alleges that, she again requested from Defendant, DOE 2, who was an agent and/or employee of DELTA, for wheelchair assistance to get to the new terminal and gate.

29. However, DOE 2 refused to provide such wheelchair assistance and instead told her to hurry so as to not miss her flight, which left Plaintiff no choice but to walk to the new terminal on her own.

30. While trying to reach the new terminal and gate, as a result of a lack of any assistance, Plaintiff fell and sustained severe and permanent injuries, as more particularly set forth below.

31. The Department of Transportation has promulgated rules, 14 CFR §382, governing airlines for the accommodations of disabled individuals pursuant to the Air Carrier Access Act ("ACAA"), 49 USC §§ 41702, 41705, and 41712 and specifying detailed requirements that airlines must meet to comply with the ACAA.

32. At all times relevant hereto, Plaintiff was within the class intended to be protected by 14 CFR §382 in that she is and was a disabled American.

33. 14 CFR §382.91 provides in part: "(a) As a carrier, you must provide or ensure the provision of assistance requested by or on behalf of a passenger with a disability, or offered by carrier or airport operator personnel and accepted by a passenger with a disability, in transportation between gates to make a connection to another flight. If the arriving flight and the departing connecting flight are operated by different carriers, the carrier that operated the arriving flight (i.e., the one that operates the first of the two flights that are connecting) is responsible for

providing or ensuring the provision of this assistance, even if the passenger holds a separate ticket for the departing flight. It is permissible for the two carriers to mutually agree that the carrier operating the departing connecting flight (i.e., the second flight of the two) will provide this assistance, but the carrier operating the arriving flight remains responsible under this section for ensuring that the assistance is provided;  (b)  You must also provide or ensure the provision of assistance requested by or on behalf of a passenger with a disability, or offered by carrier or airport operator personnel and accepted by a passenger with a disability, in moving from the terminal entrance (or a vehicle drop-off point adjacent to the entrance) through the airport to the gate for a departing flight, or from the gate to the terminal entrance (or a vehicle pick-up point adjacent to the entrance after an arriving flight)."

34. 14 CFR 382.103 provides in part:  As a carrier, you must not leave a passenger who has requested assistance required by this subpart unattended by the personnel responsible for enplaning, deplaning, or connecting assistance in a ground wheelchair, boarding wheelchair, or other device, in which the passenger is not independently mobile, for more than 30 minutes. This requirement applies even if another person (e.g., family member, personal care attendant) is accompanying the passenger, unless the passenger explicitly waives the obligation.

35. 14 CFR 382.15 provides in part: As a carrier, you must make sure that your contractors that provide services to the public (including airports where applicable) meet the requirements of this part that would apply to you if you provided the services yourself.

36. As such, the ACAA sets forth the duties that Defendants, and each of them, owed to Plaintiff during all times relevant hereto.

37. As further set forth below, the actions, errors, or omissions of Defendants, and each of them, were intentional, despicable, and done in conscious and willful disregard of Plaintiff's rights, and demonstrated a conscious and willful disregard of the public interest. Defendants' failure act shows a pattern and practice of abuse of the public interest and are likely to reoccur.

**FIRST CAUSE OF ACTION**

**[For Negligence Against All Defendants]**

38. Plaintiffs hereby incorporate the allegations asserted in paragraphs 1 through 37 above as though set forth at length herein.

39. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, failed to comply with such duties by failing to provide wheelchair assistance to Plaintiff pursuant to the requirements of the ACAA.

40. Plaintiff personally encountered these violations and was denied full and equal use and access to DELTA's airplanes and the LAX airport in general.

41. Defendants' actions and/or inactions also violated the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act, which also set forth the duties that Defendants may have owed to Plaintiff during the times relevant hereto.

42. Defendants' and each of their violation(s) of the above requirements in failing to provide assistance in making flight connections constituted breach of such Defendants' duty of care, *per se*, as alleged above and was the proximate cause of Plaintiff's injuries.

43. As a proximate result of such negligence and carelessness of the Defendants, and each of them, Plaintiff has sustained substantial and permanent physical injuries, suffered humiliation, mental anguish, emotional and physical distress according to proof at the time of trial.

**SECOND CAUSE OF ACTION**

**[For Violation of the Unruh Civil Rights Act Against All Defendants]**

44. Plaintiffs hereby incorporate the allegations asserted in paragraphs 1 through 37 above as though set forth at length herein.

45. Defendants, DELTA, GRUPO AEROMEXICO and AEROVIAS and each of them, are required to offer and provide special accommodations for those customers and passengers who suffer from physical disabilities and need personal assistance, as set forth herein above.

46. Defendants, DELTA, GRUPO AEROMEXICO and AEROVIAS and each of them

are required to train and educate their employees to accommodate for the physical disabilities of customers and passengers as alleged herein above.

47. Defendants and each of them and their employees, are required to accommodate for the physical disabilities of customers and passengers, including providing wheelchair assistance when requested.

48 Plaintiff is informed and believes and based thereon alleges that Defendants' and each of their actions, as described herein, were intentional and willful acts of discrimination in public accommodations, in violation of the standards that are set forth ACAA and the Unruh Civil Rights Act, and as such Plaintiff is entitled to any and all remedies that are available to her under the Unruh Civil Rights Act, which remedies are not preempted by the ACAA. *Ventress v. Japan Airlines*, 747 F.3d 716, fn. 7 (9th Cir. 2014) (*citing*, *Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 375 (3rd Cir. 1999); 49 U.S.C. §40120(c)); Gilstrap v. United Airlines, Inc. 709 F.3d 995, 1010 (9th Cir. 2013).

49. Plaintiff has suffered damages in her health, strength and activity, as well as severe mental and emotional distress, and has incurred attorneys' fees, all of which are in excess of the minimum jurisdictional limits of this Court. Attorneys fees should be awarded under the Unruh Civil Rights Act. Plaintiff prays for the relief set forth below. As provided by statute, Plaintiff is entitled to attorneys' fees, punitive damages according to proof, and statutory penalties.

### THIRD CAUSE OF ACTION

**[Violation of the California Disabled Persons Act Against All Defendants]**

50. Plaintiffs hereby incorporate the allegations asserted in paragraphs 1 through 37 above as though set forth at length herein.

51. Defendants, DELTA, GRUPO AEROMEXICO and AEROVIAS and each of them, are required to offer and provide special accommodations for those customers and passengers who suffer from physical disabilities and need personal assistance, as set forth herein above.

52. Defendants, DELTA, GRUPO AEROMEXICO and AEROVIAS and each of them, are required to train and educate their employees to accommodate for the physical

disabilities of customers and passengers as alleged herein above.

53. Defendants and each of them and their employees are required to accommodate for the physical disabilities of customers and passengers, including providing wheelchair assistance when requested.

54. Plaintiff is informed and believes and based thereon alleges that Defendants' and each of their actions, as described herein, were acts of discrimination in public accommodations, precluding Plaintiff's equal access to the airport and terminals within the airport due to Defendants' policy(ies), in violation of the standards that are set forth ACAA and the California Disabled Persons Act, and as such Plaintiff is entitled to any and all remedies that are available to her under the California Disabled Persons Act, which remedies are not preempted by the ACAA. *Ventress v. Japan Airlines*, 747 F.3d 716, fn. 7 (9th Cir. 2014) (*citing*, *Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 375 (3rd Cir. 1999); 49 U.S.C. §40120(c)); Gilstrap v. United Airlines, Inc. 709 F.3d 995, 1010 (9th Cir. 2013).

55. Plaintiff has suffered damages in her health, strength and activity, as well as severe mental and emotional distress, and has incurred attorneys' fees, all of which are in excess of the minimum jurisdictional limits of this Court. Attorneys fees should be awarded under the California Disabled Persons Act. Plaintiff prays for the relief set forth below. As provided by statute, Plaintiff is entitled to attorneys' fees, puntive damages according to proof, and statutory penalties.

## FOURTH CAUSE OF ACTION

**[For Negligent Hiring, Supervision or Retention of Employee Against DELTA, GRUPO AEROMEXICO, AEROVIAS and DOES 3 through 50, inclusive]**

56. Plaintiffs hereby incorporate the allegations asserted in paragraphs 1 through 41 above as though set forth at length herein.

57. Plaintiff was harmed by Defendants' individual agents, supervisors and personnel, identified above as DOE 1 and DOE 2, and that Defendants, DELTA, GRUPO AEROMEXICO, and/or AEROVIAS are responsible for the harms as alleged above, because they each negligently hired, supervised and/or retained the employees and/or agents whose actins or omissions caused

Plaintiff's harm.

58. Each such employee, was unfit or incompetent to perform the work for which each was hired.

59. Defendants, at all times relevant herein, knew or should have known that each such employee was unfit or incompetent or created a particular risk to passengers.

60. Such employees' unfitness or incompetence harmed Plaintiff as alleged herein above.

61. Such Defendants' negligence in hiring, supervising, retaining, the individuals as described above was a substantial factor in causing Plaintiff's harm.

62. As a proximate result of the acts alleged above, Plaintiffs have suffered humiliation, mental anguish, and emotional and physical distress, and were injured in their mind and body according to proof at the time of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, for the following:

**ON THE FIRST CAUSE OF ACTION**

**[For Negligence Against All Defendants]**

1. General damages according to proof;

2. Special Damages according to proof;

**ON THE SECOND CAUSE OF ACTION**

**[For Violation of the Unruh Civil Rights Act Against All Defendants]**

3. General Damages according to proof;

4. Special Damages according to proof;

5. Maximum statutory damages allowed by law, including but not limited to Treble Damages;

6. Attorneys' Fees;

**ON THE THIRD CAUSE OF ACTION**

**[For Violation of the California Disabled Persons Act Against All Defendants]**

7. General Damages;

8. Special Damages;

9. Maximum statutory damages allowed by law, including but not limited to Treble Damages;

10. Attorneys' Fees;

**ON THE FOURTH CAUSE OF ACTION**

**[For Negligent Hiring, Supervision or Retention of Employee against LAX, DELTA, AEROMEXICO and DOES 3 through 50, inclusive]**

11. General Damages;

12. Special Damages;

**ON ALL CAUSES OF ACTION**

**[Against All Defendants]**

13. Costs of suit herein incurred in this action;

14. Any other and further relief that the court considers just proper.

Dated: March 30, 2021                                LEBEDEV, MICHAEL & HELMI, APLC

By: _____
Sam Helmi, Esq.
Attorneys for Plaintiff,
ZAIRA S. LLANCAN AZOCAR

**PROOF OF SERVICE**
**1013A**

**STATE OF CALIFORNIA** )
                        )ss
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **10999 Riverside Dr., Suite 201, Studio City, CA 91602.**

On, **March 31, 2021,** I served the foregoing documents described

as: **SECOND AMENDED COMPLAINT FOR DAMAGES**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Richard G. Grotch, Esq.
Jetstream Legal APC
80 Cabrillo Highway North, Suite Q-325
Half Moon Bay, CA 94019
E-mail: rgrotch@jetsreamlegal.com
(Attorneys for Los Angeles World Airports;
City of Los Angeles; Los Angeles International Airport)

Scott D. Cunningham, Esq.
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067
E-mail: Scunningham@condonlaw.com

[X]  BY US MAIL

[X] As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[X] BY E-MAIL: I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with the Lebedev, Michael & Helmi, APLC business practices for electronic services.

[X]  (State)  I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2021 at Studio City, California.

_____
Gennady Lebedev